```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**LINDA LEISURE,**
               **Plaintiff,**

   vs.                               **Civil Action 2:07-CV-968**
                                      **Judge Marbley**
                                      **Magistrate Judge King**

**GREGORY L. FROST,**

               **Defendant.**

## OPINION AND ORDER

Plaintiff Linda Leisure brings this civil action against United States District Judge Gregory L. Frost, seeking injunctive and monetary relief, and asking for a criminal investigation, for alleged misconduct during the course of proceedings in another action filed by her in this Court, *Linda Leisure v. The City of Reynoldsburg, Ohio, et al.*, C-2-07-411 ["*Leisure v. Reynoldsburg*"]. In a lengthy and somewhat rambling complaint, plaintiff complains of Judge Frost's "evil attempts ... to 'dehumanize,' and 'belittle' a senior citizen, a[n] old woman" and to "'protect' a police hate 'gang' that 'operates outside' the law, ..." *Complaint,* at p.12, Doc. No. 2. The complaint also makes vague reference to the "murder of witnesses" and to the protection of international organized criminal enterprises by "public officials in Central Ohio." *Id.,* at p.17. Plaintiff specifically refers to a hearing[1] before Judge Frost in which a law clerk was allegedly "snickering, and laughing at" plaintiff's allegations of retaliation. *Id.,* at p.25. Plaintiff complains that Judge Frost "refused to uphold the American Bar rules to avoid the appearance of impropriety, failed to uphold his oath of office

---

[1] On August 9, 2007, Judge Frost conducted an evidentiary hearing on plaintiff's motion for an emergency restraining order. *Leisure v. Reynoldsburg,* Doc. No. 77. That motion was denied in an order which, *inter alia,* found that, although plaintiff "believes that she will suffer irreparable injury if injunctive relief is not granted[,] ... the Court is also convinced that such fear is the result of irrational thinking and not based upon facts. ..." *Id.,* Doc. No. 78, at p.3.

for: political & personal gains, ..." *Id.,* at p.28.

This matter is now before the Court on plaintiff's motion to recuse the undersigned, Doc. No. 12, plaintiff's motion for leave to file additional evidence, Doc. No. 14, and plaintiff's motion for an emergency hearing and for leave to amend the complaint, Doc. No. 15, and on Judge Frost's motion to dismiss, Doc. No. 6.

**PLAINTIFF'S MOTION TO RECUSE.**

Plaintiff asks that the undersigned recuse himself from this action. Doc. No. 12. Plaintiff bases her request on actions taken during the course of this and other judicial proceedings instituted by plaintiff.

A federal judge must recuse himself when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending, has a personal bias or prejudice either against [her] or in favor of any adverse party. ..." 28 U.S.C. §144. Plaintiff's motion to recuse does not include the affidavit required by 28 U.S.C. §144. A federal judge must also disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). However, the bias or prejudice sufficient to warrant recusal under 28 U.S.C. §455 must stem from an extra-judicial source or result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003). Judicial rulings alone will almost never constitute a valid basis for a motion to recuse. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff's motion to recuse, which is based on plaintiff's subjective dissatisfaction with actions taken by the undersigned during

2

the course of judicial proceedings, is insufficient to warrant recusal. Her motion to recuse, Doc. No. 12, is therefore **DENIED.**

**PLAINTIFF'S MOTION TO SUBMIT LETTER AND ATTACHED EXHIBIT INTO PUBLIC RECORD AS EVIDENCE, Doc. No. 14.**

Plaintiff seeks leave to submit a letter from her to various law enforcement officers as well as a document purported to be an investigative document.  Although the documents do not appear to relate to plaintiff's claims against Judge Frost, her motion, Doc. No. 14, is nevertheless **GRANTED.**

**PLAINTIFF'S MOTION FOR AN EMERGENCY PROTECTION HEARING AND FOR LEAVE TO AMEND THE COMPLAINT TO JOIN ADDITIONAL PARTIES, Doc. No. 15.**

In this motion, plaintiff seeks to join as new defendants the attorneys for defendants in *Leisure v. Reynoldsburg* as well as three defendants previously dismissed from that action.  Plaintiff again makes a number of vague conclusory allegations of "dehumaniz[ing]" and "belittl[ing]" of plaintiff, *Plaintiff's Motion,* Doc. No. 15, at p.3, and alleges that Judge Frost has conspired with defense counsel and these former defendants to create a "domestic terrorist/hate enterprise," which has as its objective the plaintiff's destruction.  *Id.*

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  F.R. Civ. P. 15(a)(2) (2007).  The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court.  *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

3

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Plaintiff's motion alleges no facts that would support her allegations of broad ranging conspiracy. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th cir. 1987) (a court "need not accept as true legal conclusions or unwarranted factual inferences"). This motion, too, appears to be plaintiff's attempt to re-litigate issues and matters previously litigated in *Leisure v. Reynoldsburg.* For the reasons stated *infra,* the Court concludes that that plaintiff's dissatisfaction with a trial judge cannot give rise to a colorable claim against that trial judge. Plaintiff's motion for a protection hearing and for leave to amend the complaint, Doc. No. 15, is therefore **DENIED.**

**JUDGE FROST'S MOTION TO DISMISS, Doc. No. 6.**

Judge Frost moves to dismiss the action for failure to state a claim upon which relief can be granted. F.R. Civ. P. 12(b)(6). The Court concludes that the motion is meritorious.

On a motion to dismiss under the provisions of F.R.Civ.P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). Under general pleading standards, the facts alleged in the complaint need not be detailed, although "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

4

a cause of action's elements will not do." *Id.* at 1964-65 (alteration in original.)

Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court will grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of the absence of either facts or law to support a claim of the type made or if, on the face of the complaint, there appears an insurmountable bar to relief. *See generally Rauch v. Day & Night Manufacturing Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

Judicial officers are generally absolutely immune from civil suits for monetary damages in connection with their judicial actions. *Cooper v. Parrish,* 203 F.3d 937, 944 (6th Cir. 2000) (citing *Mireles v. Waco,* 502 U.S. 9, 10 (1991)). It is only where monetary damages are sought for non-judicial actions or actions "taken in the complete absence of all jurisdiction" that the protections of absolute immunity disappear. *Mireles*, 502 U.S. at 11-12. To the extent that plaintiff provides any factual basis for her complaints against Judge Frost, it is clear that she bases those complaints on actions taken by Judge Frost as trial judge in *Leisure v. Reynoldsburg.* Those actions were clearly taken in his judicial capacity and were not taken in the complete absence of all jurisdiction. Under these circumstances, plaintiff's claims for monetary damages cannot proceed.

Moreover, plaintiff's claims for injunctive relief against Judge Frost cannot proceed because federal judges enjoy absolute judicial

5

immunity as to such claims.  *See Azubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Bolin v. Story,* 225 F.3d 1234, 1240-42 (11th Cir. 2000); *Dobard v. U.S. Dist. Court for Northern California,* 43 F.3d 1478 (9th Cir. 1994); *Mullis v. United States Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385 (9th Cir. 1987); *Dorman v. Higgins*, 821 F.2d 133, 139 (2nd Cir. 1987); *Page v. Grady,* 788 F.Supp. 1207 (N.D. Ga. 1992).  In any event, because plaintiff can appeal any final judgment entered in *Leisure v. Reynoldsburg,* she cannot, as a matter of law, demonstrate a right to injunctive relief in this action.  *See Newsome v. Merz*, 17 Fed. Appx. 343 (6th Cir. 2001).

Finally, plaintiff has no right to demand a criminal investigation and prosecution.  *See Saro v. Brown*, 11 Fed. Appx. 387 (6th Cir. 2001)("a private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").  *See also Peek v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970)(a federal court has no jurisdiction to compel the investigation and institution of a criminal prosecution).

Under all these circumstances, the Court concludes that the motion to dismiss, Doc. No. 6, is meritorious and is therefore **GRANTED.**

The Clerk shall enter **FINAL JUDGMENT** dismissing this case.

*s/Algenon L. Marbley*
Algenon L. Marbley
United States District Judge